IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| WILLIAM A. GIBSON and<br>ROSE GIBSON<br><br> Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY<br><br> Defendant. | :<br>:<br>:<br>:<br>: Civil Action<br>: File No.: 2006A 2807-2<br>:<br>:<br>:<br>: |

## ANSWER AND DEFENSES OF FORD MOTOR COMPANY TO PLAINTIFFS' AMENDED AND RECAST COMPLAINT

COMES NOW Ford Motor Company ("Ford"), named as a defendant in the above-styled civil action, and files this, its Answer and Defenses to Plaintiffs' Amended and Recast Complaint ("Amended Complaint"), respectfully showing the Court as follows:

### FIRST DEFENSE

Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted from this defendant.

### SECOND DEFENSE

Jurisdiction and venue as to this defendant are or may be improper.

### THIRD DEFENSE

Plaintiffs' claims are or may be barred by the doctrine of contributory negligence.

### FOURTH DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of comparative negligence.

## FIFTH DEFENSE

To the extent shown by the evidence, this defendant shows that Plaintiffs failed to exercise ordinary care for their own safety and therefore Plaintiffs are not entitled to recover from this defendant.

## SIXTH DEFENSE

Plaintiffs' damages are not the proximate result of any alleged act or failure to act of this defendant and therefore Plaintiffs are not entitled to recover from this defendant.

## SEVENTH DEFENSE

Plaintiffs could, by the exercise of ordinary care, have avoided the consequences of any alleged act or failure to act of this defendant and therefore Plaintiffs are not entitled to recover from this defendant.

## EIGHTH DEFENSE

Plaintiffs' damages, if any, were caused by the acts or omissions of persons or entities other than this defendant and therefore Plaintiffs may not recover damages from this defendant in any sum.

## NINTH DEFENSE

Plaintiffs assumed the risk of such injury or damage as they may have sustained and therefore Plaintiffs may not recover from this defendant.

## TENTH DEFENSE

To the extent that discovery supports the same, this defendant asserts the defenses of product abuse, product misuse, and/or production modification and alteration.

## ELEVENTH DEFENSE

Any product allegedly manufactured by this defendant, which is in question, was not defective in any respect and therefore Plaintiffs may not recover from this defendant.

## TWELFTH DEFENSE

Plaintiffs' claimed injuries, if any, were not caused, enhanced, or increased as a result of any act or failure to act on the part of this defendant.

## THIRTEENTH DEFENSE

At all times this defendant was in the exercise of that degree of care required by law and therefore Plaintiffs may not recover of this defendant.

## FOURTEENTH DEFENSE

To the extent that Plaintiffs seek to recover against this defendant for any alleged Breach of Warranty of any kind, this defendant states that there is a lack of privity.

## FIFTEENTH DEFENSE

This defendant did not breach any implied warranty owed to Plaintiffs, and by reason thereof, Plaintiffs may not recover damages of this defendant.

## SIXTEENTH DEFENSE

This defendant did not breach any express warranty owed to Plaintiffs, and by reason thereof, Plaintiffs may not recover damages of this defendant.

## SEVENTEENTH DEFENSE

Plaintiffs' claim for punitive damages fails to state a claim upon which relief can be granted.

## EIGHTEENTH DEFENSE

There is no basis in law or fact for the imposition of punitive damages with respect to the claims of Plaintiffs against this defendant.

## NINETEENTH DEFENSE

Plaintiffs' Amended Complaint, to the extent that it seeks punitive damages, violates this defendant's rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Georgia and therefore fails to state a cause of action or set forth a claim upon which damages can be awarded.

## TWENTIETH DEFENSE

Plaintiffs' Amended Complaint, to the extent that it seeks punitive damages, violates this defendant's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section I, Paragraph XVII of the Constitution of the State of Georgia and violates this defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia and therefore fails to state a cause of action or set forth a claim supporting the punitive damages claimed.

## TWENTY-FIRST DEFENSE

The claim for "punitive damages" is barred by the provisions of Article VI of the Constitution of the United States.

## TWENTY-SECOND DEFENSE

Without limiting the generality of the previous defense, an award of punitive damages against this defendant would violate this defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 1, Section 1, Paragraph

1 of the Constitution of Georgia because (1) this defendant had no notice of or means of ascertaining whether, or in what amount, it might be subject to a penalty of punitive damages for the conduct alleged by Plaintiffs in this case, which lack of notice was compounded by absence of any adequate or meaningful standards as to the kind of conduct that might subject this defendant to punitive damages or as to the potential amount of such an award; (2) an award of punitive damages under Georgia law does not give cognizance to the comparability of the award to awards in other, similar cases; (3) an award of punitive damages in Georgia under Georgia's statute does not give adequate consideration to the proportionality of the punitive damages awarded to the wrong done to Plaintiffs; and (4) no provision of Georgia law or the Georgia punitive damages scheme provides adequate procedural safeguards consistent with the criteria set forth in State Farm Mutual Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003); Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001); BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996); Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1 (1990); and Matthews v. Eldridge, 424 U.S. 319 (1976) for the imposition of a punitive award.

## TWENTY-THIRD DEFENSE

Any attempted application of Georgia law in this case in regard to any claim for "punitive damages" against this defendant would be unconstitutional for the following reasons:

(1)   This defendant did nothing for which it should be punished, penalized, or deterred and therefore any recovery of "punitive damages" against this defendant would deprive this defendant of property without due process of law in violation of the Fourteenth Amendment of the United States Constitution and in violation of Article 1, Section 1, Paragraph 1 of the Constitution of the State of Georgia;

(2)   Any recovery of "punitive damages" against this defendant would violate the

5

provisions of Article 1, Section 1, Paragraph 2 of the Constitution of the State of Georgia;

(3) Any recovery of "punitive damages" against this defendant would deprive this defendant of its right to substantive due process as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia;

(4) Any recovery of "punitive damages" would violate the guaranty against "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article 1, Section 1, Paragraph 17 of the Constitution of the State of Georgia.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claim for punitive damages against Ford cannot be maintained, because an award of punitive damages under current Georgia law would be void for vagueness, both facially and as applied. Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose; a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred; and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, Article 1, Section 1, Paragraph 1 of the Constitution of the State of Georgia, and the common law and public policies of the State of Georgia.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claim for punitive damages against Ford cannot be maintained, because any award of punitive damages under Georgia law would be by a jury that (1) is not provided

standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of Ford, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards. Any such verdict would violate Ford's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 1, Section 1, Paragraphs 1 and 2 of the Georgia Constitution, and would be improper under the common law and public policies of the State of Georgia.

## TWENTY-SIXTH DEFENSE

Any award of punitive damages based on anything other than Ford's conduct in connection with the design, manufacture, and sale of the specific single 2001 Ford F-350 that is the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and Article 1, Section 1, Paragraph 1 of the Georgia Constitution, and would be improper under the common law and public policies of the State of Georgia, because any other judgment for punitive damages in this case cannot protect Ford against impermissible multiple punishment for the same wrong and against punishment for extra-territorial conduct, including especially conduct that is lawful in states other than the State of

Georgia. In addition, any such award would violate principles of comity under the laws of the State of Georgia.

## TWENTY-SEVENTH DEFENSE

To the extent that the law of Georgia permits punishment to be measured by the net worth or financial status of Ford and imposes greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious, and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of Ford in other States, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and Article 1, Section 1, Paragraphs 1 and 2 of the Georgia Constitution.

## TWENTY-EIGHTH DEFENSE

The law of Michigan applies to punitive damages. Pursuant to that law, no punitive damages can be awarded.

## TWENTY-NINTH DEFENSE

Plaintiffs' claims are or may be barred by the statute of repose.

## THIRTIETH DEFENSE

Plaintiffs' claims are or may be barred by the doctrine of preemption.

## THIRTY-FIRST DEFENSE

Plaintiffs' claims are or may be barred by the applicable statute of limitations.

## THIRTY-SECOND DEFENSE AND ANSWER

Responding to the specific allegations of the numbered paragraphs of Plaintiffs' Amended Complaint, this defendant further shows as follows:

1.

Defendant Ford states that it is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiffs' Amended Complaint and can therefore neither admit nor deny same.

2.

Ford admits that it is a foreign corporation authorized to transact business in the state of Georgia and that it may be personally served with process through its registered agent, Corporation Process Company, at 180 Cherokee Street, Marietta, Georgia 30060. Defendant Ford denies as stated the remaining allegations of Paragraph 2 of Plaintiffs' Amended Complaint.

3.

Defendant Ford denies the allegations in Paragraph 3 of Plaintiffs' Amended Complaint.

### FACTS

4.

Defendant Ford states that it is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of Plaintiffs' Amended Complaint and can therefore neither admit nor deny same.

5.

Defendant Ford states that it is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of Plaintiffs' Amended Complaint and can therefore neither admit nor deny same.

6.

Defendant Ford states that it is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of Plaintiffs' Amended Complaint and can therefore neither admit nor deny same.

7.

Defendant Ford denies that the subject vehicle was defective in any manner and denies any allegations cast against it in Paragraph 7 of Plaintiffs' Amended Complaint. Defendant Ford states that it is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 7 of Plaintiffs' Amended Complaint and can therefore neither admit nor deny same.

8.

Defendant Ford denies that the subject vehicle was defective in any manner and denies any allegations cast against it in Paragraph 8 of Plaintiffs' Amended Complaint. Defendant Ford states that it is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 8 of Plaintiffs' Amended Complaint and can therefore neither admit nor deny same.

9.

Defendant Ford denies that the subject vehicle was defective in any manner and denies any allegations cast against it in Paragraph 9 of Plaintiffs' Amended Complaint. Defendant Ford

states that it is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 9 of Plaintiffs' Amended Complaint and can therefore neither admit nor deny same.

10.

Defendant Ford denies that the subject vehicle was defective in any manner and denies any allegations cast against it in Paragraph 10 of Plaintiffs' Amended Complaint. Defendant Ford states that it is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 10 of Plaintiffs' Amended Complaint and can therefore neither admit nor deny same.

COUNT I

11.

Responding to Paragraph 11 of Plaintiffs' Amended Complaint, Defendant Ford reasserts and incorporates by reference, as if fully set out herein, its defenses and responses to Paragraphs 1 through 10 of Plaintiffs' Amended Complaint.

12.

Defendant Ford admits that it designed in part, manufactured in part, and sold Ford F-350 vehicles to authorized dealers. Ford denies as stated the remaining allegations contained in Paragraph 12 of Plaintiffs' Amended Complaint.

13.

Defendant Ford denies the allegations in Paragraph 13 of Plaintiffs' Amended Complaint.

14.

Defendant Ford denies the allegations in Paragraph 14 of Plaintiffs' Amended Complaint.

15.

Defendant Ford denies the allegations in Paragraph 15 of Plaintiffs' Amended Complaint.

16.

Defendant Ford denies the allegations in Paragraph 16 of Plaintiffs' Amended Complaint.

## COUNT II

17.

Responding to Paragraph 17 of Plaintiffs' Amended Complaint, Defendant Ford reasserts and incorporates by reference, as if fully set out herein, its defenses and responses to Paragraphs 1 through 16 of Plaintiffs' Amended Complaint.

18.

Defendant Ford denies the allegations in Paragraph 18 of Plaintiffs' Amended Complaint.

19.

Defendant Ford denies the allegations in Paragraph 19 of Plaintiffs' Amended Complaint.

20.

Defendant Ford denies the allegations in Paragraph 20 of Plaintiffs' Amended Complaint.

## COUNT III

21.

Responding to Paragraph 21 of Plaintiffs' Amended Complaint, Defendant Ford reasserts and incorporates by reference, as if fully set out herein, its defenses and responses to Paragraphs 1 through 20 of Plaintiffs' Amended Complaint.

22.

Defendant Ford denies the allegations in Paragraph 22 of Plaintiffs' Amended Complaint.

23.

Defendant Ford denies the allegations in Paragraph 23 of Plaintiffs' Amended Complaint.

## COUNT IV

24.

Responding to Paragraph 24 of Plaintiffs' Amended Complaint, Defendant Ford reasserts and incorporates by reference, as if fully set out herein, its defenses and responses to Paragraphs 1 through 23 of Plaintiffs' Amended Complaint.

25.

Defendant Ford denies the allegations contained in Paragraph 25 of Plaintiffs' Amended Complaint.

26.

Defendant Ford denies the allegations contained in Paragraph 26 of Plaintiffs' Amended Complaint.

## DISCOVERY

27.

Defendant Ford denies as stated the allegations contained in Paragraph 27 of Plaintiffs' Amended Complaint.

28.

Defendant Ford denies the allegations contained in the "WHEREFORE" Paragraph immediately following Paragraph 27 of Plaintiffs' Amended Complaint, including subparts (1) through (7), except that Defendant Ford also requests a trial by jury.

29.

Any allegation of Plaintiffs' Amended Complaint not herein specifically admitted is hereby denied.

WHEREFORE, having fully answered Plaintiffs' Amended Complaint, Defendant Ford prays that it be discharged without liability, with all costs of this action cast upon Plaintiffs, and that it be given a trial by a jury as to all proper issues in the case.

This 22nd day of May, 2006.

MCKENNA LONG & ALDRIDGE LLP

*/s/ Matthew S. Knoop*

Charles K. Reed, Esq.
Georgia Bar No.: 597597
Michael R. Boorman, Esq.
Georgia Bar No.: 067798
Matthew S. Knoop, Esq.
Georgia Bar No.: 140870

303 Peachtree Street
Suite 5300
Atlanta, Georgia 30308
(404) 527-4000
(404) 527-4198 (facsimile)
mknoop@mckennalong.com

Attorneys for Defendant
Ford Motor Company

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the within and foregoing upon counsel of record via United States Mail, postage prepaid to ensure delivery as follows:

>James E. Carter
>Carter & Tate, P.C.
>2 East Bryan Street
>P.O. Box 9060 (31412)
>Savannah, Georgia 31401

This 22nd day of May, 2006.

Matthew S. Knoop, Esq.
Georgia Bar No.: 140870

MCKENNA LONG & ALDRIDGE LLP
303 Peachtree Street
Suite 5300
Atlanta, Georgia 30308
(404) 527-4000
(404) 527-4198 (facsimile)
mknoop@mckennalong.com

Attorneys for Defendant
Ford Motor Company