**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

WILLIAM A. GIBSON and
ROSE GIBSON,

                      **Plaintiffs,**

    **v.**                                  **1:06-cv-1237-WSD**

**FORD MOTOR COMPANY,**

                      **Defendant.**

**OPINION AND ORDER**

      This matter is before the Court on Plaintiffs William and Rose

Gibson's Motion for Reconsideration In Part to the Opinion and Order of the Court

dated January 4, 2007 ("Pl. Mot. Recons." 135).  Plaintiffs request the Court to

reconsider that portion of its January 4, 2007, Opinion and  Order (the "Order")

[129] in which the Court found that Plaintiffs had not presented sufficient evidence

to show substantial similarity between Defendant's  F-150 light duty and F-350

heavy duty pick-up trucks, so as to permit Plaintiffs to conduct comprehensive

discovery regarding the design of the F-150 vehicle.  After entry of the Order,

Plaintiffs took the depositions of two of Defendant's engineers, Carl Zaas and

Lawrence Dupuis.  Plaintiffs claim certain testimony of Zaas and Dupuis supports

the conclusion that the F-150 and F-350 vehicles are substantially similar.  They ask the Court to reconsider its Order and allow discovery of the F-150 vehicle.  Defendant opposes the motion on the grounds that the testimony upon which the Plaintiffs rely does not show the F-150 is similar to the F-350 pick-up truck.  Defendants argue further that other testimony of Zaas and Dupuis confirms the trucks are substantially dissimilar.

**Discussion**

A motion for reconsideration is appropriate only where there is:  (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact.  Jersawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999); Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995).  "Motions for reconsideration shall not be filed as a matter of routine practice."  L.R. 7.2(E), N.D. Ga.  Motions for reconsideration may not be used to present the Court with arguments already heard and dismissed or to offer new legal theories or evidence that could have been presented in the previously filed motion.  Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003).

Plaintiffs rely on the testimony of Zaas and Dupuis to support their reconsideration motion.  Specifically they claim: "According to both deponents, the roof crush requirements for the F-350 were to be equal to or better than the F-150.  Accordingly, the knowledge and engineering in the design of the roof in the Ford F-150 pick-up was the same for the roof in the F-350."  (Pl. Mot. Recons. at 3).  The Court has reviewed carefully the excerpts of the testimony submitted by Plaintiffs and Defendant.  Plaintiffs' broad conclusory interpretation of Zaas and Dupuis' testimony is not supported by the excerpts on which they rely.  Moreover, a review of the excerpts in the context of the testimony cited by Defendant supports the Court's determination that the vehicles are not substantially similar.

First, Plaintiffs rely on excerpts of Dupuis' testimony to the effect that the F-350 and F-150 pick-up trucks were designed with the same roof crush design benchmarks in mind.  (Dupuis Dep. at 21-23).  The criteria was guided by the Federal Motor Vehicle Safety Standard ("FMVSS") 216 of "one and a half times maximum unloaded vehicle weight."[1]  (Pl. Mot. Recons. at 5.)  That both trucks

---

[1]  While it is unclear, the Court understands the FMVSS standard required the roof to withstand one and a half times the maximum unloaded weight of the vehicle.

3

sought to achieve the same FMVSS-based standard does not establish design similarity.

Next, Plaintiffs argue that because Dupuis recalls reviewing the roof crush test results for the F-150[2] and that the roof crush test for the PHN-96 "is the benchmark for the PHN-131," the vehicles are substantially similar.  (Pl. Mot. Recons. at 5.)  The cited testimony simply does not support this statement.  Dupuis did not make this comparison and did not testify that the PHN-96 roof crush test set the "benchmark" for the PHN-131 vehicle.  To the extent Dupuis referred to the PHN-96 roof crush test, he was trying to respond to a question posed by Plaintiffs' counsel about the unloaded weight of the F-150.  To use this testimony excerpt to make the broader suggestion that Dupuis testified that the results were used as the PHN-131 roof is misleading.

Plaintiffs apparently recognize the weakness of the arguments they advance. After citing the testimony discussed above they state only that it shows "the models do share pertinent characteristics."  (Id. at 6.)

---

[2]  The F-150 was designed and build on the PHN-96 platform and the F-350 was designed and built on the PHN-131 platform.  For simplicity, the Court sometimes refers to the vehicle model number rather than the platform.

4

Plaintiffs next cite extracted portions of Zaas' testimony.  Reliance on these excerpts to show substantial similarity is not convincing.  Zaas testified that Defendant set targets for crush performance of the roof of the PHN-131 vehicle, and he recalled that the targets set were equal or better than the PN-96.  (Id. at 7.) Plaintiffs appear to suggest that the design of the PHN-131 roof was based on the crush performance of the PHN-96 vehicle.  After a careful review of the transcript of Zaas' testimony, the Court finds this suggestion is not supported.  Plaintiffs' further suggestion that the F-150 and F-350 vehicles are substantially similar because they both are manufactured at the same plant in Kentucky is not based on reason or fact.[3]

A review of the testimony excerpts referenced by Defendant in their response brief confirms that F-150 and F-350 are different vehicles.  When asked by Plaintiffs' counsel whether Ford trucks "contain roof structures substantially similar to the PHN-131 in terms of roof rail and windshield header, A-pillar or roof," Dupuis testified:  "Pretty much from an engineering standpoint or an engineer's viewpoint, there are no other vehicles that are built this way [referring

---

[3]  Defendant points out in their memorandum that the F-350 was manufactured in Kentucky, but that the F-150 was built at other plants.

to the F-350].  That's one of the things that sets this truck aside, . . .  And its kind of manufactured different from say a PN-96 or a UN-93, as you just mentioned. (Def. Resp. to Pl. Mot. for Recons.) ("Def. Resp." at 2-3.)  Dupuis went on to note other differences between the F-150 and F-350 vehicles concluding:  "And those are the things that distinguish [the F-350], truck from all the others."  (Id. at 3.)

The Court has carefully reviewed the testimony which Plaintiffs claim is new evidence that the F-150 and F-350 are substantially similar.  The Court finds this new evidence does not show that substantial similarity exists.  Further, the testimony confirms the conclusion the Court reached in it's January 4, 2006 Order that the vehicles are materially different.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs William and Rose Gibson's Motion for Reconsideration In Part to the Opinion and Order of the Court dated January 4, 2007 [135] is **DENIED** .

**SO ORDERED** this 26th day of February, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

6